Filed 7/10/25  P. v. Singh CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B336481 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA105967 ) |
| v. | |
| JONATHAN MICHAEL SINGH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Jonathan Michael Singh, Jr. pled no contest to three counts of unlawful possession of firearms and one count of conspiracy to commit assault with a firearm. The trial court sentenced him to five years and four months. Singh obtained a certificate of probable cause and appealed.

Singh's appointed counsel filed a brief requesting that this court independently review the record for error. (See *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) Singh did not file a supplemental brief. We have conducted an independent examination of the entire record and have found no arguable issues. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At the preliminary hearing, K.S.[1] testified that on the afternoon of December 1, 2020, she was at the Venice Beach boardwalk with her boyfriend, her sister K.T., and K.T.'s husband. The two women rented electric scooters, and the two men rented electric bikes from a shop on the boardwalk, Star Bike Rental. K.S. testified that to rent the bikes and scooters, she had to leave her identification at the shop. The batteries on the scooters died while the couples were riding back from Malibu. The sisters called the phone number listed on the scooters, but the calls were not answered. The sisters got a ride from Lyft or Uber back to the bike shop; the men rode their electric bikes back and met them there.

K.S. testified that the four of them went into the bike shop. An employee did not want to return K.S.'s identification to her

---

[1] We refer to the victims by initials to protect their privacy. (Cal. Rules of Court, rule 8.90(b)(4).)

because the group had returned without the scooters. K.S. testified that she and K.T. were "in a rage" about the scooters' batteries dying and the shop not answering the phone, and that all four of them spoke to the employee in raised voices. Another person came to the shop who identified himself as the owner. K.S. spoke with him, but he was "not very helpful." K.S. got her identification card from the employee, and the two couples walked out.

The couples went to a bench outside the shop. K.S. saw a group of five or six men walk from an alley into the bike shop. They were inside for about five seconds, then the men came out and approached K.S. and her companions with "guns out." A man in a striped shirt asked where K.S.'s group was from; K.S.'s group put their hands up and said, "Nowhere." K.S. recalled seeing a red laser on her chest, then "dropping to the floor after seeing and hearing gunshots." K.S. testified that the man in the striped shirt fired his gun three or four times. The men disappeared down the alley. In court, K.S. identified Singh's codefendant, Isiah Caldwell, as the shooter and man who was wearing the striped shirt. K.T. was shot and died later that night.

Los Angeles Police Department detective Warner Carias testified about collecting and reviewing video footage from the day of the shooting, which showed vehicles driven by the shooting suspects. The vehicles traveled from Oakwood Park to the area of the bike shop, about one and a half to two miles away. One of those vehicles, a white pickup truck, was pulled over nine days later; Singh was the driver.

The People charged Caldwell with murder and attempted murder, and charging Singh and Caldwell with conspiracy to

3

commit assault with a firearm (Pen. Code, §§ 182, subd. (a)(1), 245, subd. (a)(2),[2] count 3). The People also alleged that on January 26, 2022, Singh illegally possessed two assault rifles (§ 30605, subd. (a), counts 4 and 6), and illegally carried a firearm on his person or in a vehicle (§ 25850, subd. (a), count 5).[3] The People alleged that counts 3, 4, 5, and 6 involved the risk of great bodily harm (Cal. Rules of Court, rule 4.421(a)(1)), that Singh was armed at the time of the offenses (*id*., rule 4.421(a)(2)), that Singh induced others to participate in the offenses and occupied a position of leadership (*id*., rule 4.421(a)(4)), and that the manner in which Singh carried out these offenses demonstrated planning, sophistication, and professionalism (*id*., rule 4.421(a)(8)).

In an open plea, Singh pled no contest to counts 3, 4, 5, and 6. As to count 3, he admitted the overt acts alleged in the amended information and admitted the aggravating factors under Rules of Court, rule 4.421(a). The trial court sentenced Singh to a total term of five years and four months: four years on count three, consecutive terms of eight months each on counts 4 and 6, and a concurrent term of 364 days on count 5. The court also imposed various fines and fees.

Singh timely filed a notice of appeal and requested a certificate of probable cause, which the court issued. On appeal, Singh's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d 436, 441.) We directed counsel to send the record and a

---

[2]     All undesignated section references are to the Penal Code.
[3]     The record does not include preliminary hearing testimony about these charges. According to comments in the record, police discovered the firearms during a search conducted pursuant to a warrant.

copy of the brief to Singh and notified Singh of his right to respond within 30 days.  We have received no response.

## DISCUSSION

We have examined the entire record and are satisfied no arguable issues exist in this appeal.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


ZUKIN, P. J.


MORI, J.